### INTERNATIONAL EXCHANGE CENTER OF INTELLIGENCE EDUCATION, Plaintiff–Appellant,

v.

### INTELLIGY CORPORATION, Intelligy Liquidation Trust Corporation, Donald Kingsborough, Sol Kershner, Defendants–Appellees.

No. 99–17117.

D.C. No. CV–97–02755–WDB/JL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2001.

Decided May 1, 2001.

---

Before NOONAN, McKEOWN and WARDLAW, Circuit Judges.

MEMORANDUM *

International Exchange Center for Intelligence Education ("IEC") appeals the district court's summary judgment of its breach of contract claim against Intelligy Corporation ("Intelligy"), and its denial of IEC's motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ IEC claims that Intelligy breached its Exclusive Development, Marketing and Publishing Agreement ("1989 Agreement") by entering into an Amendment and Assignment ("1993 Assignment") with NSA International, Inc. ("NSAI"). The 1989 Agreement granted intellectual property rights in certain educational products and systems and in derivative works to Intelligy in exchange for sublicensing and sub-publishing proceeds as defined therein. As the district court found, the 1993 Assignment effected an assignment to NSAI of all of Intelligy's "assets and entitlements in connection with various educational products, including all of its rights to and under the 1989 Agreement." We agree with the district court's conclusion, applying general principles of contract law,[1] that by entering into the 1993 Assignment, Intelligy did not breach the 1989 Agreement.

Article 14.1 of the 1989 Agreement expressly granted to Intelligy the right to "assign, sell, or part with possession or control of this Agreement and/or any part thereof and/or any or all of [Intelligy's] rights, titles, interests and/or grants herein." Article 1.1(e) also demonstrates the

---

\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Although the parties disagreed as to whether California or Tennessee law applies, neither argued that the states' canons of contract interpretation differed in any material respect. Therefore, the district court correctly declined to decide the conflict issue.

598

parties' understanding that the 1989 Agreement authorizes a complete assignment. Therefore, Intelligy did not breach the 1989 Agreement by assigning it and its rights thereunder to NSAI.

 In its well-reasoned memorandum opinions,[2] the district court also properly rejected Intelligy's attempts to circumvent the plain language of the 1989 Agreement with arguments that the 1993 Assignment was ineffective and/or was in fact a "sublicensing" or "subpublishing" arrangement pursuant to which IEC is owed royalties as set forth in the 1989 Agreement. NSAI may very well have failed to comply with the provisions of article 14.1 of the 1989 Agreement, in which case the assignment would not be binding upon IEC. IEC may therefore have claims against NSAI, but neither NSAI nor any such claims were before the district court, and thus cannot be raised on appeal. *See Abogados v. AT&T, Inc.,* 223 F.3d 932, 937 (9th Cir. 2000) ("Since the district court did not have an opportunity to consider this argument, it is waived."). Nor did IEC argue below that Intelligy breached article 14.1 by failing to provide NSAI's acknowledgment of the terms of the 1989 Agreement and its agreement to be bound by these terms. Indeed, IEC stipulated to dismissal of any claim it might have had under article 14.1 against Intelligy based on misrepresentation or fraudulent concealment.

 Nor did the district court err in refusing to exercise its legal or equitable powers to recharacterize the 1993 Assignment as a sublicensing or subpublishing agreement and to deem the consideration paid by NSAI to Intelligy a "Usage Fee" owed IEC under the 1989 Agreement. As the district court correctly noted, this would involve impermissible rewriting of the fundamental terms of a *"different"*

contract that was not between the parties who were before the court, but that was between one of those parties *"and a party that was not before the court."* (emphasis in original). IEC cites no authority under either Tennessee or California law that would allow a court to grant such relief.

The judgment of the district court is therefore AFFIRMED.

2. *See* Order and Memorandum Opinion Regarding Motion for Partial Summary Judgment, June 29, 1999; Order Regarding

Motion for Reconsideration and Regarding Reconsidered Motion for Partial Summary Judgment, August 9, 1999.